AO 243 (Rev. 5/85) ®

# MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

[redacted] 05 170 ML

(If movant has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)

## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

*Explanation and Instructions–Read Carefully*

(1) This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

(7) When the motion is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is

(8) Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

05 170

| United States District Court | District Rhode Isl[redacted] |
| --- | --- |
| Name of Movant Henry Morinelli | Prisoner No. 05426-070 · [redacted].04CR00037-01ML |
| Place of Confinement FCI Raybrook | |

UNITED STATES OF AMERICA V. Henry Morinelli
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack United States District Court for the District of Rhode Island

2. Date of judgment of conviction 7/8/04

3. Length of sentence 37 Months

4. Nature of offense involved (all counts) 18 U.S.C.§ 924(g)(1)

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court ______

(b) Result ______

(c) Date of result ______

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court ______

(2) Nature of proceeding ______

(3) Grounds raised ______

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result ______

(6) Date of result ______

(b) As to any second petition, application or motion give the same information:

(1) Name of court ______

(2) Nature of proceeding ______

(3) Grounds raised ______

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result ______

(6) Date of result ______

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc. Yes ☐ No ☐
(2) Second petition, etc. Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

Despite being explicitly instructed to file a Notice of Appeal, my attorney did not file one, depriving me of my right to appeal.

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Denial of my right to appeal

Supporting FACTS (state *briefly* without citing cases or law)

Despite being explicitly instructed to file a Notice of Appesl, my counsel failed to file one, depriving me of my right to appeal in violation of the 6th Amendment right to appeal.

B. Ground two:

Supporting FACTS (state *briefly* without citing cases or law):

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

D. Ground four:

Supporting FACTS (state *briefly* without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

No appeal was filed, as such, no issues were raised.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing Unknown

(b) At arraignment and plea Same

(c) At trial

(d) At sentencing Same

(e) On appeal ______

(f) In any post-conviction proceeding ______

(g) On appeal from any adverse ruling in a post-conviction proceeding ______

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: ______

(b) Give date and length of the above sentence: ______

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

______
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

4-13-05
(date)

Henry Morinelli
Signature of Movant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,

v.

Henry Morinelli,
Petitioner,

1:04CR0037-01ML

PETITION PURSUANT TO 28 U.S.C. § 2255.

A. Introduction

A sitting federal grand jury for the District of Massachusetts returned an indictment against the petitioner for violating 18 U.S.C. § 924(g)(1), felon in possession of a weapon by a previously convicted felon.

Upon the advise of counsel, the petitioner accepted a plea to the single count indictment. A pre-sentence report was ordered. According to the Report, the petitioner's offense level was base Offense 20. As a result of the petitioner's prior convictions, the Criminal History Category was set at level IV. The Sentencing Guideline Range for this offense level and criminal history was from 37 to 46 months of imprisonment.

On July 8 , 2004, the petitioner was sentenced to a term of 37 months of imprisonment. Although explicitly requesting counsel to file a Notice of Appeal, it was learned later from the Clerk's office that no Notice was filed. The instant petition ensues.

* The Petitioner also recieved a 3 point acceptance of responsibility adjustment; thus his adjusted offense level was 17. Thus, his sentencing exposure was from 37-46 months

I. THE PETITIONER WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY FAILED TO FILE A NOTICE OF APPEAL, AFTER BEING EXPLICITLY INSTRUCTED TO FILE.

The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions. In Strickland v. ashington, 466 U.S. 668 (1984), the Supreme Court established a two prong test to evaluate ineffective assistance claims. To obtain reversal of a conviction, the defendant must prove: (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome of the proceedings.

In the context of an appeal, a defendant can satisfy the prejudice prong by demonstrating that there is a reasonable probability that but for counsel's deficient failure to consult with defendant about an appeal, defendant would have timely appealed. See Flores-Ortega, 528 U.S. at 484 (2000); Restrepo v. Kelly, 178 F.3d 634 (2d Cir. 1999); United States v. Mannino, 212 F.3d 835 3d Cir. 2000).

In this case, following the imposition of the sentence, the petitioner clearly requested that counsel file a notice of appeal. Counsel stated that one would be filed, within the requisite 10 day time period in which to file the Notice.

Subsequently, following sentencing, the petitioner directed an inquiry to the district court, and in reply to petitioner's request,

of the district court clerk's office fowarded an updated Docket Sheet, indicating that no notice of appeal was filed.

The defendant subsequently inquired from counsel, the reason why no Notice of Appeal was filed on his behalf, however to date, no response from counsel has been forthcoming; hence the instant petition for habeas relief.

A. Cause

"[T]he right to be represented by counsel," on direct appeal from a conviction as well as at the criminal trial, "is among the most fundamental of rights." Penson v. Ohio, 488 U.S. 75, 84-85 (1988).

As a general maner, it is through counsel that all other rights of the accused are protected: "Of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive, for it affects his ability to assert any other rights he may have." Shaefer, Federalism, 70 Harv.L.Rev. 1, 8 (1956); see also Kimmelmon v. Morrison, 477 U.S. 365, 377, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986); United States v. Cronic, 466 U.S. 648 654, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

The need for forceful advocacy does not come to an abrupt halt as the legal proceeding moves from the trial to appellate stage. Both stages of the prosecution, although perhaps involving unique legal skills, require careful advocacy to ensure that rights are not foregone and that substantial legal and factual arguments are not inadvertently passed over. As the Court stated in Evitts v. Lucy, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985):

"In bringing an appeal as of right from his conviction, a criminal defendant is attempting to demonstrate that the conviction, with its consequent drastic loss of liberty, is unlawful. To prosecute an appeal, a criminal appellant must face an adversary proceeding that, like a trial, is governed by intricate rules that to a layperson would be hopelessly forbidding. An unrepresented appellant-like an unrepresented defendant at trial, is unable to protect the vital interests at stake." Id. at 396, 109 S.Ct. 346.

B. Prejudice

As the Supreme Court stated in Strickland, the "actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." 466 U.S. at 692, 104 S.Ct. 2052. The Court's decision in Cronic, likewise makes clear that "presumption that counsel's assistance is essential requires the reviewing court to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial."

The second Circuit's decision in Restrepo, supra, specifically holds that the appeal is a "critical stage of the trial" as was articulated in Flores-Ortega, 528 U.S. at 484 (2000), and is a per se error requiring an appeal anew.

Here, the defendant specifically informed counsel that he wanted to exercise his right to appeal. Subsequent to the defendant's judgment, it was learned by the Clerk's Office that no Notice of Appeal was filed. As such, it is respectfully requested that the defendant's right to appeal be restored.

Respectfully,

____________________

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

v.

HENRY MORINELLI,
Petitioner

AFFIDAVIT OF HENRY MORINELLI

Henry Morinelli, affirms under the penalties of perjury:

1. That I am the petitioner in the above annexed criminal proceeding; and that although I accepted a plea of guilty to 18 U.S.C. § 922(g)(1), felon in possession of a weapon, prior to being sentenced, and upon my sentencing date, I explicitly requested that my retained counsel to file a Notice of Appeal.

2. My attorney informed me that he would file the Notice within the 10 day period in which to file a Notice of Appeal.

3. I subsequently wrote to the District Court requesting the status of my appeal, and I was informed that no Notice was filed.

4. I wanted to appeal my sentence upon a variety of grounds, however, due to counsel's failure to file, I am unable to exercise my right to appeal.

Respectfully,

[signature]
Henry Morinelli

April 12, 2005