UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

HENRY MORINELLI )
)
v. ) C.A. NO: 05-170ML
)
UNITED STATES OF AMERICA )

GOVERNMENT'S OBJECTION TO PETITIONER'S, MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 18 U.S.C. § 2255

Now comes the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Zechariah Chafee, Assistant United States Attorney, and hereby objects to Henry Morinelli's Motion to Vacate, Set Aside or Correct Sentence Under 18 U.S.C. § 2255 for the reasons set forth in the attached Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Zachariah Chafee

ZECHARIAH CHAFEE
Assistant U.S. Attorney

3

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May, 2005, I caused to be sent via first class regular mail, a true copy of the within Government's Objection to Defendant's Motion to Vacate, Set Aside or Correct Sentence Under 18 U.S.C. § 2255 to:

Henry Morelli
Prisoner #05426-070
FCI Ray Brook
128 Ray Brook Road
Ray Brook, NY 12977

Paula Hosey

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

HENRY MORINELLI )
)
v. ) C.A. NO: 05-170ML
)
UNITED STATES OF AMERICA )

GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PETITIONER, MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 18 U.S.C. § 2255

## I. INTRODUCTION

Petitioner sets forth one ground for his claim of constitutionally inadequate legal representation. He alleges that he expressly told his lawyer to appeal the case and that his lawyer did not file a notice of appeal.

## II. THE FACTS OF THE CASE

On January 1, 2004, defendant was found by two Providence Police officers asleep in the front seat of a car with a pistol in his hand on his lap. An officer took the gun and then awakened defendant. The gun was not loaded. Defendant was taken to the police station. The police determined that he had a previous felony conviction for carrying a pistol without a license.

Defendant stated to an ATF agent that he had found the gun earlier that night and planned to sell it. He was charged by the State of Rhode Island with illegal firearm possession.

## III. TRAVEL OF THE CASE

Defendant was charged with being a felon in possession of a firearm by federal criminal complaint filed February 12, 2004. He made an initial appearance February 20, 2004. On March

16, 2004, a plea agreement with the government was filed in U.S. District Court. Defendant agreed to waive indictment and plead to an information. On March 3, 2004, defendant pleaded guilty to a one count information charging him with possession of a firearm after a felony conviction.

Sentencing was set for June 24, 2004 but was adjourned on that date to July 8, 2004. The government and the defendant agreed that the sentencing range was 37-46 months of incarceration. The court sentenced defendant to the low end: 37 months.

## IV. ARGUMENT

Petitioner relies on Roe v. Flores-Ortega, 528 U.S. 470 (2000), arguing that by failing to heed petitioner's order to file an appeal, former defense counsel was per se ineffective.

On May 26, 2005 government's counsel spoke with petitioner's former defense counsel, Olin Thompson, Esq. and explained to him what Henry Morinelli was alleging. Mr. Thompson said that he remembered the case.

On May 27, 2005 government's counsel again spoke with Mr. Thompson who said that he had given the matter thought overnight and that he had a "very specific memory" of discussing an appeal with petitioner Morinelli after his sentencing and that Morinelli told Mr. Thompson not to appeal the case.

As this Court is aware, Mr. Thompson is a highly able, zealous, veteran criminal defense lawyer who had worked as a public defender for the State of Rhode Island and had taken the Morinelli case while working as Assistant Federal Defender in this District. Given these facts, Mr. Thompson certainly would have filed a notice of appeal had Morinelli asked him to do so.

Mr. Thompson is an officer of the court and would not claim a "very specific memory" of a discussion of an appeal with Morinelli, a fact which he knew would be represented to the court in the government's memorandum, without actually having that memory.

It is also totally reasonable that Morinelli would not have requested an appeal given that he received the low-end of the applicable guideline range. The guidelines were, of course, still mandatory at that point.

## V. CONCLUSION

For the foregoing reason defendant's motion should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Zechariah Chafee

ZECHARIAH CHAFEE
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May, 2005, I caused to be sent via first class regular mail, a true copy of the within Government's Memorandum in Support of it's Objection to Petitioner's Motion to Vacate, Set Aside or Correct Sentence Under 18 U.S.C. § 2255 to:

Henry Morelli
Prisoner #05426-070
FCI Ray Brook
128 Ray Brook Road
Ray Brook, NY 12977

Paula Horsey